IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 130 MOC WCM

| | |
|---|---|
| MELISSA B. KNIBBS, as personal representative of the estate of MICHAEL SCOTT KNIBBS,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY MOMPHARD, JR., individually and in his official capacity as a Deputy Sheriff of the Macon County Sheriff's Department; ROBERT HOLLAND, in his official capacity as the Sheriff of Macon County; WESTERN SURETY COMPANY, a South Dakota Corporation; and THE OHIO CASUALTY INSURANCE COMPANY, a New Hampshire Corporation,<br><br>Defendants. | ORDER |

This matter is before the Court on the following motions:

1. Defendants' Consent Motion to Seal ("Defendants' Motion to Seal," Doc. 31); and

2. Plaintiff's Motion to Seal (Doc. 33).

On August 13, 2019, the undersigned granted the parties' Joint Motion for Release of NCSBI Files and entered the parties' proposed protective order, with certain revisions. See Doc. 19. The Protective Order addresses the release and use of the North Carolina State Bureau of Investigation ("SBI")

1

Report, File No. 2018-01296, regarding the investigation into the officer involved shooting death of Michael Scott Knibbs by Deputy Anthony Momphard, Jr. Id. at p. 2.

The Protective Order limits access to and use of the SBI Report and recognizes that material and documents contained in the SBI Report may be confidential pursuant to state or federal law. Id. at ¶ 13. Further, the Protective Order requires parties seeking leave to file information with the Court under seal to comply with the Local Rules of this district, including Local Civil Rule 6.1. Id. at ¶ 14.

On June 18, 2020, both motions to seal were filed. Docs. 31 & 33.

In evaluating a motion to seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

1. **Defendants' Motion to Seal**

On May 21, 2020, Defendants filed a Motion for Summary Judgment. Doc. 26. By their Motion to Seal, Defendants request an Order allowing them to file specific exhibits, which are related to the Motion for Summary Judgment, under seal. Id. In compliance with LCvR 6.1, Defendants set forth

2

a non-confidential description of the material to be sealed, a statement indicating why sealing is necessary, and ask the Court to maintain the exhibits under seal for the life of this litigation. Defendants further represent that the exhibits at issue "are all derived from the SBI's criminal investigative file." Doc. 31, p. 4. Having reviewed Defendants' Motion to Seal, the terms of the Protective Order, and having considered the requirements of LCvR 6.1, the undersigned will grant Defendants' Motion to Seal.

### 2. Plaintiff's Motion to Seal

Plaintiff has filed a Sealed Response to Defendants' Motion for Summary Judgment as well as a separate Motion to Seal. See Docs. 32 & 33. Plaintiff's Motion to Seal purports to seek leave to file "certain confidential documents" referenced in Plaintiff's response to Defendants' Motion for Summary Judgment under seal. Doc. 33, pp. 1-2. Plaintiff also moves to seal "Plaintiff's entire response with supporting materials and exhibits" – approximately 1,074 pages of documents. Id. at p. 2.

Plaintiff's attempt to comply with the spirit of the Protective Order is appreciated. However, Plaintiff's request to seal the entirety of her response to the Motion for Summary Judgment appears to be over broad in light of Local Civil Rule 6.1, which recognizes that there is a "presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." LCvR 6.1(a). In this regard, Plaintiff has not sufficiently

3

established that the entirety of the response to Defendants' Motion for Summary Judgment should be sealed. See LCvR 6.1(c). Therefore, the undersigned will deny Plaintiff's Motion to Seal without prejudice to Plaintiff's right to file a motion to seal that seeks sealing of only the necessary documents.

**IT IS THEREFORE ORDERED** that:

1. Defendants' Consent Motion to Seal (Doc. 31) is **GRANTED**, and Defendants are **GRANTED LEAVE** to file Exhibits 5-1, 7-1, and 10, as referenced in Defendants' Motion for Summary Judgment, Memorandum of Law in Support of Defendants' Motion for Summary Judgment, and in the Affidavit and Report of Rod Englert, under seal. These exhibits shall remain sealed until further Order of the Court.

2. Plaintiff's Motion to Seal (Doc. 33) is **DENIED WITHOUT PREJUDICE**.

Signed: September 23, 2020

W. Carleton Metcalf
United States Magistrate Judge